UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN LOUIA FRANK HARPER                                           PLAINTIFF

V.                                      CIVIL ACTION NO. 3:14-cv-48-CWR-FKB

CITY OF MERIDIAN, MISSISSIPPI, ET AL.                            DEFENDANTS

ORDER

This cause is before the Court on the Motion for Stay of Proceedings [92] and

Supplemental Motion for Stay of Proceedings [94] filed by Defendant City of Meridian

("Meridian").  Plaintiff opposes a stay.  Having considered the parties' filings, the Court

concludes that the motions are not well-taken and are denied.

Plaintiff filed his complaint on January 22, 2014, alleging that he was terminated from

his employment as Criminal Investigations Division Commander with the Meridian Police

Department based on his race, his union participation and his refusal to acquiesce to Defendant

Lee's sexual advances.  On March 26, 2015, days before the April 2, 2015 discovery deadline,

Meridian filed its first motion to stay [92], designated as an "emergency" motion, based on

testimony elicited during depositions in this case that there is an ongoing criminal investigation

concerning Defendant Lee, several witnesses who are Meridian police officers, and possibly

Plaintiff.  The criminal investigation allegedly concerns officers and Defendant Lee soliciting

sexual favors from a trustee.

The Court held a telephonic hearing on March 27, 2015, and ordered Meridian to file a

supplemental motion.  The Court terminated the deposition of Officer Lewis, quashed the

deposition notices and subpoenas for the depositions of Officers Lewis and Nash, continued the

deposition of Defendant Lee and held that all other noticed depositions would be continued until after a ruling on the stay issue.

Meridian seeks to stop all depositions in this case pending the conclusion of the investigation and presumably resolution of any resulting criminal charges. Meridian also argues that Plaintiff has noticed more than the permitted number of depositions. Plaintiff has now filed a motion seeking leave to amend the case management order and to conduct those depositions [97]. The number of depositions allowed will, therefore, be addressed by the Court in an order resolving that motion.

In support of its position, Meridian cites two cases in which plaintiffs became the subject of criminal investigations. Plaintiffs in those cases asserted the privilege after the civil suits were underway. In those instances, the courts concluded that a stay was warranted instead of dismissal of the civil cases because the plaintiffs could not proceed in the civil suits and protect themselves in the criminal proceedings at the same time. *Wehling v. Columbia Broadcasting Sys.,* 608 F.2d 1084 (5th Cir. 1979); *Mouritz v. Provident Life & Acc. Ins. Co.*, 1999 WL 288791 (E.D. La. 1999).

Plaintiff cites *Alcala v. Texas Webb County*, 625 F. Supp 2d 391, 396 (S.D. Tex. 2009), in which the court decided not to completely stay a civil case while parallel criminal proceedings were pending. In rebuttal, Meridian argues that the factors set out in *Alcala* weigh in favor of staying this case.

The factors to be considered when determining whether to stay a civil case pending the outcome of a criminal case are: 1) the extent to which the issues overlap; 2) the status of the criminal case; 3) interests of the plaintiff in proceeding weighed against prejudice to the plaintiff

2

from delay; 4) interest of and burden on the defendant; 5) interests of the court; and 6) the public interest. *Id.* at 413. Whether to stay is within the Court's discretion. *Id.* A stay is an exception and not the rule when there are civil and criminal cases proceeding at the same time. *Id.* at 397.

With respect to the first and second factors, though no criminal charges have yet been filed, and no party is aware of the exact nature of the alleged criminal investigation by the Mississippi Attorney General's Office, Meridian argues that the issues overlap. In support of its motions, Meridian points to the following: 1) During his deposition in this case, Officer Boyd made incriminating statements concerning his conduct with the trustee who is part of the alleged criminal investigation; 2) Officer Boyd also testified that Defendant Lee is accused of inappropriate conduct with the trustee;[1] 3) According to Meridian, Plaintiff has a recording of Officer Nash which may implicate Nash in a criminal investigation as well; and 4) Officer Lewis asserted his Fifth Amendment privilege against self-incrimination when deposed in this case. Meridian, however, did not provide any deposition transcript excerpts in support of its motion, and Plaintiff contends that Officer Lewis did not assert the privilege until he was asked questions regarding the alleged criminal investigation. [99] at 7.

The Court finds that Meridian has failed to show how any issues overlap between Plaintiff's claims in this lawsuit, Meridian's defenses, and the ongoing criminal investigation. Specifically, Meridian has not shown exactly what claim it is inhibited in defending or what defense it is unable to develop due to any witness or party invoking the Fifth Amendment privilege.

---

[1]Meridian also argues that there may have been a plot to entrap Defendant Lee, which could be criminal in nature.

Further, this case does not involve "separate civil and criminal prosecutions stemming from the same transaction or occurrence." *Alcala*, 625 F. Supp. 2d at 396. As noted, there is not yet even a criminal prosecution at issue.

As far as Plaintiff's interests are concerned, Plaintiff is aware of the risk that Defendant Lee may assert the privilege during his deposition. The Court finds that delay could unduly burden Plaintiff given the uncertain nature of the alleged criminal investigation and time line involved. Plaintiff's interest in proceeding weighs in favor of denying a stay.

It has not been shown that Defendants' interests and burden, the fourth factor, have been impacted at this juncture. Significantly, Defendant Lee, in his individual capacity, has not filed any motion to stay or joined in any filed document indicating that he has taken a position on this matter.

The Court's interest in maintaining its docket and the public's interest in having civil matters resolved timely, factors five and six, weigh in favor of keeping this case moving forward.

Based on the foregoing, Meridian's motions to stay [92, 94] are denied. If further discovery (or attempted discovery) shows that Defendants are prejudiced in defending this case due to the alleged criminal investigation, Defendants may again request a stay.

SO ORDERED, this the 21st day of April, 2015.

/s/   F. Keith Ball
 UNITED STATES MAGISTRATE JUDGE